# United States Court of Appeals
## For the First Circuit

No. 21-1581

IN RE: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE COMMONWEALTH OF PUERTO RICO; THE
FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, AS
REPRESENTATIVE FOR THE PUERTO RICO SALES TAX FINANCING
CORPORATION, a/k/a COFINA; THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE EMPLOYEES
RETIREMENT SYSTEM OF THE GOVERNMENT OF THE COMMONWEALTH OF PUERTO
RICO; THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO, AS REPRESENTATIVE FOR THE PUERTO RICO HIGHWAYS AND
TRANSPORTATION AUTHORITY; THE FINANCIAL OVERSIGHT AND MANAGEMENT
BOARD FOR PUERTO RICO, AS REPRESENTATIVE FOR THE PUERTO RICO
ELECTRIC POWER AUTHORITY (PREPA); THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO, AS REPRESENTATIVE OF THE PUERTO
RICO PUBLIC BUILDINGS AUTHORITY,

DEBTORS,

RAFAEL HERNÁNDEZ-MONTAÑEZ,

Plaintiff, Appellant,

JAVIER APONTE-DALMAU; CARLOS BIANCHI-ANGLERO; RAMÓN CRUZ-BURGOS;
MARCOS CRUZ-MOLINA; CARLOS O. DELGADO-ALTIERI; JOSÉ
DÍAZ-COLLAZO; PEDRO J. GARCÍA-FIGUEROA; ÁNGEL GONZÁLEZ-DAMUDT;
JORGE L. GONZÁLEZ-OTERO; RAMÓN HERNANDEZ-TORRES; ROSSANA
LÓPEZ-LEÓN; BRENDA LÓPEZ-DE-ARRARÁS; CARMEN MALDONADO; JESÚS
MÁRQUEZ-RODRÍGUEZ; ÁNGEL MATOS-GARCÍA; LYDIA MÉNDEZ-SILVA;
MANUEL NATAL-ALBELO; JULIA M. NAZARIO-FUENTES; ISIDRO
NEGRÓN-IRIZARRY; LUIS ORTIZ-LUGO; MIGUEL A. PEREIRA-CASTILLO;
ROBERTO RAMÍREZ-KURTZ; ROBERTO RIVERA-RUIZ DE PORRAS; JESÚS
SANTA-RODRÍGUEZ; JOSÉ A. SANTIAGO RIVERA; OSCAR SANTIAGO; CIRILO
TIRADO-RIVERA; LUIS TORRES-CRUZ; SERGIO TORRES-TORRES; JOSÉ
VARELA-FERNÁNDEZ; LUIS VEGA-RAMOS; HERIBERTO VÉLEZ-VÉLEZ,

Plaintiffs,

v.

THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO
RICO; UNITED STATES,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Laura Taylor Swain, U.S. District Judge]

---

Before

Barron, Chief Judge,
Lipez and Howard, Circuit Judges.

---

Jorge Martínez-Luciano, with whom Emil Rodríguez-Escudero and
M.L. & R.E. Law Firm were on brief, for appellant.
Dietrich L. Snell, with whom Timothy W. Mungovan, John E.
Roberts, Laura E. Stafford, Lary Alan Rappaport, Michelle M.
Ovanesian, Martin J. Bienenstock, Mark D. Harris, Paul V.
Possinger, and Proskauer Rose LLP, were on brief, for appellee the
Financial Oversight and Management Board of Puerto Rico.
Christopher Connolly, Assistant United States Attorney, with
whom Damian Williams, United States Attorney, and Benjamin H.
Torrance, Assistant United States Attorney, were on brief, for
appellee United States.

---

January 27, 2023

---

**BARRON**, **Chief Judge**.  This appeal arises in connection with Rafael Hernández-Montañez's suit in the District of Puerto Rico in 2018 against the Financial Oversight and Management Board for Puerto Rico (the "FOMB").  He brings the suit in his official capacity as both a member and the minority leader of the Puerto Rico House of Representatives (the "House"), and he alleges in it that the FOMB acted in violation of the Territories Clause of the United States Constitution by nullifying a Puerto Rico law that established the Commonwealth's budget and replacing it with a budget for the Commonwealth of the FOMB's own making.  The District Court dismissed the suit on jurisdictional grounds pursuant to Article III of the United States Constitution.  We affirm.

## I.

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2101 et seq, in 2016 established the FOMB as a part of Puerto Rico's territorial government to address the Commonwealth's debt crisis.  Fin. Oversight and Mgmt. Bd. for P.R. v. Aurelius Inv., LLC, 140 S. Ct. 1649, 1655 (2020).  PROMESA authorizes the FOMB to wield broad powers, which include the authority to develop and certify budgets for Puerto Rico.  48 U.S.C. § 2142.  The FOMB has employed this power to impose multiple budgets on Puerto Rico.

In 2018, Hernández-Montañez, seventeen other members of the Puerto Rico Legislature, and fifteen Puerto Rico mayors brought

this suit in their official capacities in the District of Puerto Rico. The suit took aim at the FOMB's action in that same year, in which the FOMB both nullified the budget for the 2018-2019 fiscal year that the Puerto Rico legislature had passed and the governor of Puerto Rico had signed into law, and imposed a budget of the FOMB's own design. The suit alleged that the FOMB's challenged actions violated the United States Constitution's Territories Clause, U.S. Const. art. IV, § 3, cl. 2,[1] and Appointments Clause, U.S. Const. art. II, § 2, cl. 2.[2]

The District Court stayed the litigation pending the resolution of Aurelius, which raised the same Appointments Clause issue as the plaintiffs' suit raised. 140 S. Ct. at 1655-56. But, after the Supreme Court of the United States rejected the Appointments Clause challenge raised in Aurelius, see id. at 1665-66, the plaintiffs in this case agreed to dismiss their Appointments Clause claim, and litigation then resumed concerning their Territories Clause claim.

---

[1] Though this claim was phrased in a manner semantically similar to a claim brought under the Constitution's Guarantee Clause, U.S. Const. art. IV, § 4, plaintiffs have disclaimed any reliance on that provision.

[2] Plaintiffs also brought a claim that the FOMB's budget-related actions had violated the Puerto Rico Legislature's common law right to legislative independence but voluntarily dismissed that claim prior to the District Court's decision on the motion to dismiss.

Thereafter, the defendants moved to dismiss the plaintiffs' Territories Clause claim both due to a lack of standing under Article III and on the merits. The District Court held that, although the mayors who had brought the suit had Article III standing to pursue their Territories Clause claim, the individual members of the Puerto Rico legislature (including Hernández-Montañez) did not. The District Court therefore ordered that the legislators' Territories Clause claim be dismissed on that jurisdictional basis. The District Court then also dismissed the mayors' claim under the Territories Clause for failure to state a claim on which relief could be granted.

The plaintiffs appealed the District Court's rulings. But, we then granted the motions made by all of the plaintiffs except for Hernández-Montañez to dismiss their pending appeals,[3] leaving only Hernández-Montañez's appeal before us.

**II.**

Under Article III, an individual legislator has no "standing to assert the institutional interests of a legislature," Va. House of Delegates v. Bethune-Hill, 139 S. Ct. 1945, 1953

---

[3] Because the mayoral plaintiffs are no longer party to this appeal, and because we agree with the District Court that Hernández-Montañez has no standing to bring his constitutional claim on behalf of the House, we need address neither the standing nor the merits decisions that the District Court made regarding the mayoral plaintiffs' identical claim. We likewise need not address the standing of the House, as one chamber of a bicameral legislature, to bring this suit.

(2019), because an individual legislator who presses a claim based on an "institutional injury . . . which necessarily damages all" legislators equally has suffered no personal injury, Raines v. Byrd, 521 U.S. 811, 821 (1997).  Moreover, Hernández-Montañez provides us with no reason to conclude that the analysis regarding an individual legislator's standing is any different when the claimed injury is to one legislative body within a bicameral legislature, such as the Puerto Rico House of Representatives. Cf. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 544 (1986) ("Generally speaking, members of collegial bodies do not have standing [under Article III] to perfect an appeal the body itself has declined to take."). That being so, Hernández-Montañez lacks Article III standing to bring his Territories Clause claim, because he concedes that, "from the very beginning" of this action, he intended to "appear[] on behalf of the House,"  and his complaint alleges only injuries to the House as a whole.

Hernández-Montañez does arguably assert on appeal that his position as the minority leader of the House at the inception of this suit somehow changes the calculus.  But, we cannot see how it would, and, in any event, he develops no argument for our concluding that he has standing on the basis of his having held that position at the time of his suit.  Cf. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

Hernández-Montañez also contends on appeal that he became Speaker of the House while the suit was pending below and that he thereby acquired the authority to litigate on behalf of the House. Thus, he contends, even if he lacked standing at the inception of this suit, he has it now because he is authorized as Speaker to represent the House in litigation under "Section 5.2(p) of the current House General Regulation." But, "the party seeking to avail [himself] of federal jurisdiction" has "the responsibility . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." United States v. AVX Corp., 962 F.2d 108, 114 (1st Cir. 1992) (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)). And, the complaint fails to allege that the Territories Clause claim is being brought by the Speaker on behalf of the House, let alone that the Speaker has the authority to litigate such a claim on the House's behalf. We therefore see no error in the District Court's conclusion that "the [c]omplaint lacks any plausible allegations showing that [Hernández-Montañez] had authorization -- through legislation, resolution, or otherwise -- to commence this suit on behalf of" the House.

Finally, we see no merit to Hernández-Montañez's contention on appeal that the District Court's ruling must be vacated so that his complaint may be amended to account for

Hernández-Montañez having become the Speaker.  He is right that "court[s] should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), but he did not request leave to amend the complaint in the District Court and so cannot complain on appeal that he was improperly denied a chance to do so.  See Rinsky v. Cushman & Wakefield, Inc., 918 F.3d 8, 17 (1st Cir. 2019) ("We have 'repeatedly warned litigants that arguments not made initially to the district court cannot be raised on appeal.'" (quoting DiMarco-Zappa v. Cabanillas, 238 F.3d 25, 34 (1st Cir. 2001) (cleaned up))).

## III.

The judgment of the District Court is **affirmed**.